Macey & Aleman, P.C.
Carlene M. Simmons
101 N. First Ave., Suite 2430
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
cms@legalhelpers.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA
### PHOENIX DIVISION

| | |
|---|---|
| Cheryl McCreight<br>10201 N 44th Dr<br>Glendale, AZ 85302<br><br>        Plaintiff,<br><br>v.<br><br>U.S. Collections West, Inc<br>c/o Donald W Darnell, Registered Agent<br>3031 W Northern Ave #171<br>Phoenix, AZ 85051<br><br>        Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

1

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. Between January and February 2009, Defendant communicated with Plaintiff several times.

8. During several of these communications, Defendant threatened to sue Plaintiff if Plaintiff did not pay the debt.

9. During several of these communications, Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the debt.

10. On or around February 12, 2009, Defendant telephoned Plaintiff's place of employment and left a message in the general voice mail.

11. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt.

12. During this communication, Defendant represented that Defendant needed to speak to Plaintiff's payroll department to set up a wage garnishment on Plaintiff.

13. On or around April 13, 2009, Defendant telephoned Plaintiff.

14. During this communication, Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the debt.

15. At the time of these communications, Defendant had neither the intent nor ability to sue Plaintiff.

16. At the time of these communications, Defendant had neither the intent nor ability to garnish Plaintiff's wages.

17. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

>RESPECTFULLY SUBMITTED,
>
>Macey & Aleman, P.C.
>
>By: */s/ Carlene M. Simmons*
>Carlene M. Simmons
>101 N. First Ave.
>Suite 2080
>Phoenix, AZ 85003
>Tel: 602-279-1555
>Fax: 602-279-5544
>cms@legalhelpers.com
>*Attorney for Plaintiff*